IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Criminal Action No. 84-cr-00365-PSF

UNITED STATES OF AMERICA,

      Plaintiff,

v.

CHARLES S. ROUSH,

      Defendant.

---

## ORDER ON PENDING MOTIONS

---

      This matter comes before the Court on Defendant's Motion to Clarify Sentence (Dkt. # 1), filed August 21, 2006 and his Motion for Court to Compel Plaintiff to Show Cause Why His Sentence Should Not Be Exactly as Was Originally Imposed (Dkt. # 4), filed October 6, 2006.  The Court directed the government to respond to plaintiff's first motion, but before it did so defendant filed his second motion.  Consequently, the response filed by the government (Dkt. # 5) on October 26, 2006, deals with both motions.

      Defendant's Motion to Clarify Sentence relies on F.R.Crim.P. 35(a) and 18 U.S.C. § 3742.  Neither, however, are subsequently mentioned in his motion so the basis for Defendant's reliance is unknown.  Rule 35(a) states:  "Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."  This provision does not apply to a case such as this in which the sentence was entered in 1985.

Title 18 U.S.C. § 3742 similarly deals with the "Review of a sentence," but it does not provide for indefinite jurisdiction to do so. Because none of the exceptions contained therein allowing for review of an otherwise final sentence appears to apply, the Court agrees with the Government's position that the Court has no jurisdiction to deal with Defendant's request for "clarification." *See* 18 U.S.C. § 3742(a) (allowing for a defendant to appeal an otherwise final sentence if the sentence was imposed in violation of law, was for an offense for which there was no sentencing guideline and the sentence is plainly unreasonable, or the sentence involved sentencing improprieties if the sentence was under the sentencing guidelines).

Nevertheless, even if this Court had jurisdiction over the pending motions, it would find that defendant's motions lack merit. Defendant's first motion explains that he has been found to have violated the conditions of his supervised release in both 2003 and 2006. He argues that as a result of those violations, the Parole Commission and/or Probation Office "imposed sanctions" against him that violated various rights of his. These alleged sanctions are conditions of parole that prohibit defendant from possessing or using a computer with access to any online computer service at any location, possessing pornographic material or frequenting a place where such material is available. *See* attachments to defendant's motion. Defendant contends that the so-called sanctions imposed against him violate his Fifth Amendment Right to Due Process as well as the *Ex Post Facto* clause because they impose penalties retroactively.

Defendant's argument is not persuasive. "The essence of parole is release from prison, before the completion of sentence, on the condition that the prisoner abide by

2

certain rules during the balance of the sentence." *Morrissey v. Brewer*, 408 U.S. 471, 477 (1972).  Consequently, the "sanctions" of which he complains are actually the conditions of his being able to remain on parole.  Moreover, he does not assert that he was not advised of the conditions, and then punished when he was found to have violated them.  Here, defendants was informed of the conditions and later found to have disregarded them by engaging in prohibited activity.  There is nothing *ex post facto* about such a process and the resulting circumstances.

In the normal course of events, before a defendant is released on parole, he is informed of all the conditions applicable to him and signs a document acknowledging his having been told of these conditions.  The government has not provided the Court with such a document in this case, but the Court will assume the defendant was informed of the conditions of his parole in advance of his violation of them.

Defendant is also incorrect when he argues that no restrictions were imposed on him by Judge Carrigan when the original judgment was entered.  The Judgment Order itself states that

> it is hereby ordered that the general conditions of probation set out on the reverse side of this judgment be imposed.  The Court may change the conditions of probation, reduce or extend the period of probation, and at any time during the probation period or within a maximum probation period of five years permitted by law, may issue a warrant and revoke probation for a violation occurring during the probation period.

Those "general conditions" listed on the reverse of  the Judgment Order include such matters as notifying the supervising officer of a change in residence.

Even more importantly though, defendant is incorrect that conditions cannot be imposed on him unless they were also included in the judgment against him signed by the judge.  "The [Parole] Commission may impose a condition other than one of the

general conditions of release if the Commission determines that such condition is

necessary to protect the public from further crimes by the releasee and to provide

adequate supervision of the releasee."  28 C.F.R. § 2.40(b)(1).  The defendant has not

documented anything unconstitutional about this regulation as it applies to him, or that

the Parole commission actions were "plainly unreasonable."  The courts are not in the

business of overseeing the day-to-day treatment of people who are convicted absent

a constitutional, statutory or regulatory violation.  While the Parole Commission cannot

impose a sentence on an individual, it can seek reinstatement of a judgment entered by

a court if a defendant fails to fulfill obligations or take advantage of an opportunity

given to him in the form of parole.

Fundamentally, what defendant fails to recognize is that parole is a privilege that

comes with conditions.  He is free to turn it down if he does not want to abide by those

conditions but he cannot have it both ways.  Therefore, defendant's Motion to Clarify

Sentence (Dkt. # 1) filed August 21, 2006 and his Motion for Court to Compel Plaintiff

to Show Cause Why His Sentence Should Not Be Exactly as Was Originally Imposed

(Dkt. # 4) filed October 6, 2006 are DENIED.

DATED:  February 7, 2007

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge